UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


THERESA SEELEY,

        Plaintiff,

    v.

PUBLIC EMPLOYEES RETIREMENT
BOARD, KEVIN OLINEK, YVETTE
ELLEDGE-RHOADES, PETER UNGERN,
DREW GLASSROTH, CAROL VOGEL, and
PERS PARTICIPATING EMPLOYER #3818
- PORTLAND PUBLIC SCHOOLS, JAMES
YOUNG, GENEVIEVE ROUGH, LIGENA
HEIN, GALEN WALDREP, SEAN MURRAY,

        Defendants.

Case No. 3:24-cv-01828-YY

ORDER


Plaintiff Theresa Seeley is a former Portland Public Schools ("PPS") employee who has brought this suit against PPS, the Oregon Public Employees Retirement Board ("PERB"), and several employees or officers of those institutions. Plaintiff's complaint and the accompanying materials are voluminous and, at times, difficult to parse. Generally speaking, plaintiff alleges that she was wrongly terminated from PPS and that PERB has miscalculated or otherwise mishandled or made mistakes regarding plaintiff's retirement benefits. *See* Compl. ¶¶ 4–14, ECF 1-1. The complaint specifically alleges the following claims:

- Claim A: "Breach of Contract by Employer," *id.* ¶¶ 1–3;
- Claim B: "Breach of Contract by Trust Administrator & Trust Fiduciary," *id.* ¶¶ 4–9;

- Claim C: "Breach of Contract by Wrongful Discontinuation of Employment Contract & Future Contracts," *id.* ¶¶ 10–14;
- Claim D: "Breach of Pension Contract for Unsubstantiated Discontinuation of ORS238 Tier One Membership," *id.* ¶ 15;
- Claim E: "Breach of Contract by Misappropriation of Funds," *id.* ¶¶ 16–27;
- Claim F: "Breach of Contract by Deception Meant to Defraud Parties," *id.* ¶¶ 28–38;
- Claim G: "Breach of Contract by Discrimination in Employment," *id.* ¶¶ 39–40;
- Claim H: "Breach of Contract by Disability Discrimination," *id.* ¶¶ 41–44;
- Claim I: "Breach of Contract by Discrimination for Age & Elder Rights," *id.* ¶¶ 45–46;
- Claim J: "Breach of Contract for Harassment," *id.* ¶¶ 47–64; and
- Claim K: "Tort[i]ous Interference with Rights of Contract," *id.* ¶¶ 65–71.

The complaint also seems to allege, at various points, that PERB violated plaintiff's right to due process, *see, e.g., id.* ¶¶ 29, 43, 59, 77, and makes several references to PERB's alleged violations of federal statutes, such as the Americans with Disabilities Act, the Family Medical Leave Act, the Internal Revenue Code, and the federal criminal code. *See id.* ¶ 139; *see also id.* at 53–63 (in which plaintiff has listed numerous "References" in support of her claims).

Currently pending is a motion to dismiss or, in the alternative, for a more definitive statement, filed by the "PERB Defendants," which collectively refers to PERB and individual defendants Kevin Olinek, Yvette Elledge-Rhoades, Peter Ungern, Drew Glassroth, and Carol Vogel. *See* Mot. Dismiss and More Definite Statement 1, ECF 10. Although plaintiff has filed numerous motions, briefs, and other materials, plaintiff did not file a response that specifically addresses the PERB Defendants' currently pending motion, nor could the court locate in any of the many, often lengthy, documents that plaintiff has submitted, any argument from plaintiff that specifically responds to PERB's motion.

For the reasons stated below, the PERB Defendants' motion for a more definite statement is granted, and plaintiff shall file an amended complaint that resolves the deficiencies described

in this Order. The PERB Defendants' motion to dismiss for failure to state a claim is denied

without prejudice to refiling after plaintiff files an amended complaint.[1]

Plaintiff's claims against the PERB Defendants suffer from numerous deficiencies, many

of which are based on or connected to the vague, unspecific, and at times confusing way plaintiff

has constructed the complaint. For one, the complaint does not include any specific factual

allegations regarding how any of the individual PERB defendants, Kevin Olinek, Yvette Elledge-

Rhoades, Peter Ungern, Drew Glassroth, and Carol Vogel, acted or refrained from acting in any

way.

Several of the claims in plaintiff's complaint are directed at plaintiff's previous

employment relationship with PPS, but they are alleged against the "defendants" generally,

without differentiating between the PERB Defendants and the PPS Defendants. Plaintiff does not

allege that she was ever employed by PERB, and thus plaintiff cannot state a claim against

PERB that is based on an employment relationship. These claims include Claim A: "Breach of

Contract by Employer," Compl. ¶¶ 1–3, ECF 1-1; Claim C: "Breach of Contract by Wrongful

Discontinuation of Employment Contract & Future Contracts," *id.* ¶¶ 10–14; Claim G: "Breach

of Contract by Discrimination in Employment," *id.* ¶¶ 39–40; and Claim H: "Breach of Contract

by Disability Discrimination," *id.* ¶¶ 41–44.

---

[1] Although many of the deficiencies in plaintiff's complaint identified here might be grounds for
dismissing the complaint outright, Ninth Circuit law is clear that a *pro se* plaintiff must be given
notice of the deficiencies in the complaint and an opportunity to amend before the case is
dismissed with prejudice. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[B]efore
dismissing a pro se complaint the district court must provide the litigant with notice of the
deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend
effectively.") (simplified). Granting the PERB Defendants' motion for a more definite statement
provides an opportunity for plaintiff to learn about the complaint's shortcomings and attempt to
resolve them, as well as present clearer and more concise allegations against the PERB
Defendants, which will allow for a more accurate and thorough analysis of the legal sufficiency
of those claims.

Plaintiff's Claim K, "Tort[i]ous Interference with Rights of Contract," *id*. ¶¶ 21–23, also appears to be legally deficient because to state a claim for tortious inference, plaintiff must allege that a third party interfered with a contract. *See McGanty v. Staudenraus*, 321 Or. 532 (1995) (explaining that to "state a claim for intentional interference with economic relations, a plaintiff must allege . . . the existence of a professional or business relationship [and] intentional interference with that relationship . . . by a third party"). The complaint seems to allege that it was the PERB defendants, not a third party, who "interfered" with the contract that plaintiff had with PERB. As such, plaintiff has failed to sufficiently allege a claim for tortious interference. *See Good Clean Love, Inc. v. Epoch NE Corp.*, No. 6:21-cv-01294-AA, 2023 WL 2709653, at *9 (D. Or. Mar. 30, 2023) ("[W]hen an employee is acting within the scope of the[] employee's employment, and the employer, as a result, breaches a contract with another party, that employee is not a third part[y] for the tort of intentional interference with economic relations.") (quoting *McGanty*, 321 Or. at 538).

The remaining claims against the PERB Defendants are, generally speaking, directed at the manner in which PERB has calculated plaintiff's retirement benefits, and thus some of these claims may be subject to dismissal on the basis of a failure to exhaust state administrative remedies, or it may be necessary to stay any decision on plaintiff's claims in this case until she exhausts any applicable administrative remedies. *See Wallace v. State ex rel. Pub. Emps. Ret. Bd.*, 245 Or. App. 16, 26 (2011) (explaining the different treatment of civil claims brought against PERB depending on the nature of claim for relief and available administrative remedies). The complaint does seem to reference some kind of administrative proceeding. *See* Compl. ¶ 123, ECF 1-1 (in which plaintiff references "administrative board procedures" regarding her claims against the PERB Defendants). However, it is not clear from the complaint what the

status of that administrative proceeding is or which of plaintiff's claims against PERB were included in that administrative proceeding.

Relatedly, and importantly, plaintiff also references "due process" several times with regard to the PERB defendants, but it is not clear whether plaintiff is attempting to assert a stand-alone federal due process claim, whether it is a procedural or substantive due process claim, or what relationship the existing administrative claim has to any potential due process claim. Plaintiff also cites a number of other federal statutes, for example, the Americans With Disabilities Act, the Family Medical Leave Act, the Internal Revenue Code, and the federal criminal code, but the complaint does not specifically allege which of the PERB defendants are alleged to have violated these statutes.

Nor is it clear, based on the label that plaintiff has assigned to her claims—nearly all of them are labeled as some kind of "breach of contract" claim—whether plaintiff's references to the federal statutes are the true bases for her claim. Many of these claims are probably better understood as tort claims, such as plaintiff's allegations regarding "misappropriation of funds," fraud, and "harassment," though some of the claims could arguably be construed as attempting to assert a civil rights claims based on 42 U.S.C. § 1983, such as those alleging that the PERB Defendants violated plaintiff's right to due process.

For all of those reasons, and to allow both the PERB Defendants and the court to better understand the exact nature of plaintiff's claims, the PERB's Defendant's alternative motion for a more definite statement under Rule 12(e) is granted. By September 10, 2025, plaintiff shall file an amended complaint that addresses the deficiencies described above.

Defendant's motion to dismiss for failure to state a claim is denied without prejudice to refiling after plaintiff files the amended complaint. If plaintiff fails to file an amended complaint, the claims against the PERB Defendants are subject to dismissal.

IT IS SO ORDERED.

DATED August 11, 2025.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge