IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THERESA SEELEY,<br><br>            Plaintiff,<br>   v.<br><br>PUBLIC EMPLOYEES RETIREMENT BOARD, KEVIN OLINEK, YVETTE ELLEDGE-RHOADES, PETER UNGERN, DREW GLASSROTH, CAROL VOGEL, PERS PARTICIPATING EMPLOYER #3818 - PORTLAND PUBLIC SCHOOLS, JAMES YOUNG, GENEVIEVE ROUGH, LIGENA HEIN, GALEN WALDREP, and SEAN MURRAY,<br><br>            Defendants. | Case No.: 3:24-cv-01828-YY<br><br>ORDER |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Youlee Yim You has issued three Findings and Recommendations ("F&Rs") in this case. First, on August 11, 2025, Judge You issued an F&R ("F&R One") addressing three motions: (a) defendants Portland Public Schools ("PPS"), Sean Murray, Galen Waldrep, Eilidth Lowery, PERS Participating Employer #3818 - Portland Public Schools, Genevieve Rough, Guadalupe Guerrero, Ligena Hein, and James Young's (together, the "PPS Defendants") Motion to Dismiss for Prior Action Pending and Motion to Declare Plaintiff a Vexatious Litigant; (b) self-represented plaintiff Theresa Seeley's Motion to Consolidate and Transfer; and (c) plaintiff's Motion to Declare the Defendants Vexatious Litigants. Second, on August 21, 2025, Judge You issued an F&R ("F&R Two") addressing plaintiff's Motion to Remand. Third and finally, on September 24, 2025, Judge You issued an F&R ("F&R Three") addressing dismissal of plaintiff's claims against defendants Oregon Public Employees Retirement Board ("PERB"), Kevin Olinek, Yvette Elledge-Rhoades, Peter Ungern, Drew Glassroth, and Carol Vogel's (together, the "PERB Defendants"). Plaintiff lodged objections to all

1

three F&Rs. Defendants lodged no objections.

These matters are now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). For the reasons described below, and after having undertaken a *de novo* review of the objected-to portions of the record and relevant filings, and a review for clear error of the remainder of the record, the Court adopts the three F&Rs in full.

## LEGAL STANDARD

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). When a magistrate judge issues a findings and recommendation report related to a dispositive motion, and a party files objections, "the court shall make a de novo determination of those portions of the report." *Id.* No specific standard of review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). However, the Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

## PROCEDURAL BACKGROUND

Numerous motions and F&Rs are currently pending in this case. To help sort through the somewhat complicated docket, the below briefly walks through the filings addressed by this Order:

**A.    F&R One**

F&R One addresses three outstanding motions, as detailed below. F&R of August 11, 2025 ("F&R One"), ECF [80].

1.    *PPS Defendants' Motion to Dismiss and Declare Plaintiff a Vexatious Litigant*

On November 7, 2024, the PPS Defendants filed a combined motion to dismiss for prior action pending and motion to declare plaintiff a vexatious litigant. PPS Defs. Mot. to Dismiss & Mot. to Declare Pl. Vexatious Litigant ("PPS Defs. Mot."), ECF [6]. In support of this motion, the PPS Defendants also filed a declaration by attorney Michael Porter ("Porter"). Decl. of Michael Porter  Supp. PPS Defs.

2

Mot. ("Nov. 2024 Porter Decl."), ECF [7].  Plaintiff filed an initial response on November 20, 2024, styled "Declaration and Affidavit in Support of Motion to Strike Defendant's Motion to Make Plaintiff a Vexatious Litigant," ECF [16].  On November 21, 2024, plaintiff filed a separate response, styled "Objection to Motion to Dismiss and Make Plaintiff a Vexatious Litigant," ECF [20], and a supporting declaration, styled "Declaration in Support of Objection to Motion to Dismiss and Make Plaintiff a Vexatious Litigant," ECF [21].  On December 4, 2024, the PPS Defendants filed a reply in support of their motion.  PPS Defs. Reply Supp. PPS Defs. Mot., ECF [32].

2. *Plaintiff's Motion to Consolidate Cases and Transfer Case to Original Venue*

Also on November 21, 2024, plaintiff filed a motion styled, "Motion to Consolidate Cases, Motion to Transfer Case to Original Venue" ("Pl. Mot. Remand"), ECF [19], which Judge You construed as a motion for remand, Order of November 25, 2024, ECF [25].  On December 4, 2024, the PPS Defendants filed a response in opposition and a supporting declaration by Porter.  PPS Defs. Resp. to Pl. Mot. Remand, ECF [30]; Decl. of Michael Porter Supp. PPS Defs. Resp. to Pl. Mot. Remand ("Dec. 2024 Porter Decl."), ECF [31].  On December 10, 2024, plaintiff filed a reply in support of her motion, styled "Plaintiff Affidavit in Support of Plaintiff's Motions: Consolidate & Remand Federal District Case," ECF [38].  On January 21, 2025, the PERB Defendants filed a response in opposition to plaintiff's motion for remand, which adopted arguments raised in the PPS Defendants' earlier response.  *See* PERB Defs. Resp. to Pl. Mot. Remand, ECF [52].

3. *Plaintiff's Motion to Declare Defendants Vexatious Litigants*

On January 21, 2025, plaintiff filed a motion styled "Plaintiff's Motion - FRCP 12, Counterclaim: Motion - Defendants Are Vexatious Litigants, per 28 USC 1927, OBR 3.4, & Plaintiff Declaration in Support of Motions" ("Pl. Mot. to Declare Defs. Vexatious Litigants"), ECF [54].  On February 4, 2025, the PPS Defendants filed a response in opposition and a supporting declaration by Porter.  PPS Defs. Resp. to Pl. Mot. to Declare Defs. Vexatious Litigants, ECF [55]; Am. Decl. of Michael Porter Supp. PPS Defs. Resp. to Pl. Mot. to Declare Defs. Vexatious Litigants ("Feb. 2025 Porter Decl."), ECF [57].  The PERB Defendants likewise responded in opposition on the same day.  PERB Defs. Resp. to Pl.

Mot. to Declare Defs. Vexatious Litigants, ECF [59]. On February 10, 2025, plaintiff filed a reply in support of her motion, styled "Declaration & Exhibits in Support of Plaintiff's Motion to Make Defendants Vexatious Litigants," ECF [66].

    4.    *F&R One*

Judge You issued F&R One on August 11, 2025. In F&R One, Judge You recommends that this Court (1) deny plaintiff's motion to consolidate and transfer, which Judge You construed as a motion to remand; (2) deny the PPS Defendants' motion to dismiss and to declare plaintiff a vexatious litigant; and (3) deny plaintiff's motion to declare defendants vexatious litigants. Plaintiff lodged objections on September 2, 2025, styled "Reply to Docket #78, #80, #83 and Request for Immediate Remand" ("Sept. 2025 Objs."), ECF [86]. These objections address F&R One as well as several other motions and findings, as detailed further below. As to F&R One, plaintiff objects to: (a) any reliance upon plaintiff's tax documents, which plaintiff argues were falsified, *id.* at 13 (all references to ECF pagination); (b) any reliance upon the "conferral statement" defendant submitted as Exhibit 27 to the November 2024 Porter Declaration, *id.* (citing ECF [7-27]); and (c) F&R One's finding that defendants have litigated in good faith, *id.* at 11. Defendants did not file any objections to F&R One.

**B.**     **F&R Two**

F&R Two concerns a single motion: plaintiff's motion for remand. F&R of August 21, 2025 ("F&R Two"), ECF [83].

    1.    *Plaintiff's Motion to Remand*

Plaintiff filed a motion to remand on August 11, 2025. Pl. Mot. to Remand, ECF [82]. On August 21, 2025, plaintiff filed a declaration in support of the motion to remand. Decl. of Theresa Seeley Supp. Pl. Mot. to Remand, ECF [85]. No other parties filed documents responsive to plaintiff's motion to remand.

    2.    *F&R Two*

Judge You issued F&R Two on August 21, 2025, recommending that plaintiff's motion to remand be denied because the court has subject matter jurisdiction over plaintiff's claims and the time

allowed for raising any other challenge to the removal procedure has expired. F&R Two Plaintiff lodged objections on September 2, 2025, in the same document used to lodge objections to F&R One. Sept. 2025 Objs. As to F&R Two, plaintiff objects to: (a) the application of 28 U.S.C. § 1447(c), *id.* at 2; and (b) the findings on timeliness, *id.* at 8. Otherwise, the objections largely rehash plaintiff's earlier arguments as to remand, *see, e.g., id.* at 4-6 (arguing that the complaint raises only state law claims and that the cause of action displayed on the docket is inaccurate); or raise new arguments unrelated to the F&Rs, *see, e.g., id.* at 5 (discussing plaintiff's tax forms). Defendants did not file any objections.

**C.     F&R Three**

The third and final F&R addresses plaintiff's claims against the PERB defendants. F&R of September 24, 2025 ("F&R Three"), ECF [90]. As described in more detail next, F&R Three does not arise directly out of a motion, but instead, out of plaintiff's failure to file an amended complaint as required by an earlier order.

1.     *Plaintiff's Claims Against the PERB Defendants*

On November 21, 2024, the PERB Defendants filed a motion to dismiss and for a more definite statement. PERB Defs. Mot. to Dismiss & for More Definite Statement ("PERB Defs. Mot."), ECF [10]. On January 21, 2025, having received no response from plaintiff, the PERB Defendants filed a short reply in support of their motion. Reply Supp. PERB Defs. Mot., ECF [53]. On August 11, 2025, Judge You issued an order granting the PERB Defendants' motion for a more definite statement. Order of August 11, 2025, ECF [78]. The order provided that "plaintiff shall file an amended complaint that addresses the [identified] deficiencies" by September 10, 2025. *Id.* at 5. The order also warned that "[i]f plaintiff fails to file an amended complaint, the claims against the PERB Defendants are subject to dismissal." *Id.* at 6. Later, on August 11, 2025, the court added a clarifying order stating that plaintiff had been ordered to file an amended complaint clarifying her claims against the PERB Defendants, but that plaintiff could not add new defendants or new claims to the amended complaint without permission from the court. Order of August 11, 2025, ECF [79]. Plaintiff filed a response on September 2, 2025, in the same document containing plaintiff's objections to the first two F&Rs. Pl. Reply to Docket #78, #80, #83 & Req. for

Immediate Remand ("Pl. Sept. 2025 Objs."), ECF [86], at 9

2.  *F&R Three*

On September 24, 2025, Judge You issued F&R Three, recommending dismissal of plaintiff's claims against the PERB Defendants because plaintiff failed to file an amended complaint correcting the identified deficiencies. F&R Three 4. On October 9, 2025, plaintiff lodged objections to F&R Three in a document styled "Objection to Recommendation to Dismiss and Motion to Remand and Motion for Sanctions," ("Pl. Oct. 2025 Objs."), ECF [93]. Therein, plaintiff objects to F&R Three's finding that plaintiff did not timely file an amended complaint because she "did submit an Amended Complaint [on] 8/29/25, Docket #68, and supplemented the Original Complaint: Docket #13, #15, #19-#21, #35, #38, #40, #46, #54, #62, #66, #68, #70, #71, #73, #76, #88, 8/29/25-Amended Complaint."[1] *Id.* at 5 (references to ECF pagination). Plaintiff specifies that on August 29, 2025, she "filed an Amended Original Complaint with a corrected coversheet and deleted federal references in the contents of the Original Complaint." *Id.* Additionally, on October 20, 2025, plaintiff filed a document styled "Supplemental Pleading," ECF [95], that she claims addresses F&R Three. The 134-page filing is meandering and often difficult to understand. Beyond plaintiff's reference to F&R Three in the document's title, *see id.* at 1 ("Plaintiff's Supplemental Pleading to Docket # 90 per FRCP 55"), it is unclear how this filing relates to F&R Three. On October 23, 2025, the PERB defendants filed a response to plaintiff's objections, ECF [97].

## DISCUSSION

Boiled down, plaintiff's objections address three topics: the propriety of remand, whether defendants should be declared vexatious litigants, and whether dismissal of the PERB Defendants was proper. As discussed below, the F&Rs do not err on any of these issues.

A.  **Remand**

Both F&R One and F&R Two address the propriety of remand and thus are discussed together here. Plaintiff raises multiple objections to the F&R findings as to remand—namely, plaintiff

---

[1] The remainder of the document discusses unrelated topics—largely, repeating plaintiff's arguments for remand and requesting baseless sanctions against defendants and Judge You. *See generally* Pl. Oct. 2025 Objs.

argues that (1) her complaint raises only state law claims; (2) the cause of action is displayed inaccurately on the civil cover sheet; (3) 28 U.S.C. § 1447(c) is misapplied; and (4) the findings on defendants' timeliness are miscalculated.  Pl. Oct. 2025 Objs. 5-8, 10-11, 14-15.  None of these objections are meritorious.

First, defendants properly removed this action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Federal jurisdiction exists under this statute "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The complaint does just that: plaintiff alleges that defendants violated her rights under the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), and the Internal Revenue Code, among other federal statutes and regulations.  *See, e.g.*, Compl., ECF [1-1], ¶¶ 14, 28, 54, 69; *see also* Compl. 53-57 (describing the bases for plaintiff's alleged right to recover).  That is sufficient to convey federal jurisdiction.

Plaintiff objects to this finding because there are scant references to federal law in the complaint—specifically, she argues that only 236 of the 8,179 total words in the complaint relate to federal law.  *See* Pl. Sept. 2025 Objs. 3.  That argument is unavailing.  Federal question jurisdiction does not weigh the federal causes of action against the state causes of action or ask which predominates.  Rather, federal jurisdiction exists if the causes "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  It is true that federal question jurisdiction has limits—the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).  But that limitation applies in situations where, for example, a "federal standard" for which "Congress has intended that there not be a federal private action" is incorporated into a "state-law private action."  *Id.* at 805.  It does not apply where the complaint plainly alleges a federal cause of action.  *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) ("[T]here is no serious debate that a federally created claim for relief is generally a 'sufficient condition for federal-question jurisdiction'" (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 (2005))).

In a similar vein, plaintiff argues that any federal claims referenced in her complaint are redundant of state law claims and that they should therefore be construed only under state law. It is entirely common for a complaint to contain both federal and state causes of action and to still be properly removed. *See Mims*, 565 U.S. at 378 (noting the "'deeply rooted presumption in favor of concurrent state court jurisdiction'" (quoting *Tafflin v. Levitt*, 493 U.S. 455, 458-59 (1990))). Indeed, federal jurisdiction applies even when a state law claim does not explicitly contain a federal cause of action but "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods.*, 545 U.S. at 314; *see Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983) (providing that federal question jurisdiction arises "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."). District courts therefore should find "[d]ivestment of district court jurisdiction . . . no more readily than divestment of state court jurisdiction, given the longstanding and explicit grant of federal question jurisdiction in 28 U.S.C. § 1331." *Mims*, 565 U.S. at 379 (quotation modified). Here, there is nothing to suggest that plaintiff's state law claims divest the Court of its jurisdiction over the related federal law claims.

Second, the cause of action stated on the civil cover sheet is not controlling. A civil "cover sheet cannot supplement the complaint or provide a basis for subject matter jurisdiction, it must be apparent from the face of *the complaint* that this Court has subject matter jurisdiction." *Dhillon v. Edwards*, No. 1:23-cv-000416-KES-CBD, 2025 WL 2160308, at *4 (E.D. Cal. July 30, 2025) (emphasis in original) (quotation marks omitted) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Instead, as described above, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.

Third, plaintiff's motion to remand is time-barred under 28 U.S.C. § 1447(c) to the extent it raises any arguments beyond subject matter jurisdiction. F&R Two rightfully explains "[n]one of the other reasons plaintiff has provided in support of remand," meaning reasons beyond subject matter

8

jurisdiction, "have merit." F&R Two 2. Plaintiff correctly notes that 28 U.S.C. § 1447(c) provides a deadline for motions to remand on the basis of any defect other than lack of subject matter jurisdiction, but she misconstrues F&R Two when suggesting it found otherwise. This case was removed on October 31, 2024, and plaintiff did not file her motion to remand until August 11, 2025—well beyond the thirty-day limit provided for in 28 U.S.C. § 1447(c). Accordingly, F&R Two correctly concludes that any arguments for remand that are not based on subject matter jurisdiction are time-barred.

Fourth and finally, defendants' removal was timely. Plaintiff initiated this action in Multnomah County Circuit Court on September 25, 2024. *See* Compl. Defendants were then served on October 3, 2024, and October 18, 2024. Notice of Removal, ECF [1], ¶ 2. Plaintiff does not dispute the accuracy of these dates or provide evidence suggesting service was completed on any other date. Under 28 U.S.C. § 1446(b)(1), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" Defendants filed their notice of removal on October 31, 2024, less than thirty days after they received the complaint. *See* Notice of Removal.

In sum, plaintiff does not state any meritorious objections to the F&Rs' findings as to remand. As described above, the F&Rs correctly analyze plaintiff's motions and conclude that remand is not warranted.

**B.**     **Vexatious Litigants**

F&R One recommends denying both defendants' and plaintiff's motions to declare one another vexatious litigants. Only plaintiff objects to this recommendation, arguing that defendants have not litigated in good faith and falsified or misdescribed certain documents. Pl. Oct. 2025 Objs. 6-7, 11-12, 14. Plaintiff's objections are not well-founded.

Nothing in the record shows that defendants have acted with bad faith. Plaintiff argues that defendants committed misconduct by filing two documents that misrepresent the facts: a "conferral statement" attached as an exhibit to a November 7, 2024 declaration, and a February 4, 2025 declaration. *See* Pl. Sept. 2025 Objs. 12-13 (describing ECF [7-27], [56], and [57]). The "conferral statement" shows

9

an email thread between defense counsel and plaintiff. *See* Nov. 2024 Porter Decl. Ex. 27. This thread contains emails that plaintiff herself wrote, and it appears that the thread is shown in its entirety. Plaintiff does not elaborate on what is misleading here and the Court cannot find anything possibly misleading about the attachment of this email thread.

Similarly, plaintiff does not identify what about the February 2025 declaration she considers misleading. And similarly, the Court's review finds nothing. The declaration attaches a copy of plaintiff's Employment Relations Board Complaint and does little else. *See* Feb. 2025 Porter Decl. Ex. 1. The declaration is innocuous, and it is unclear how it could possibly be construed as misleading. Additionally, even if there were some errors in these documents, it does not appear that F&R One relied on them at all. Neither of the documents are cited even once in F&R One.

Plaintiff also argues that F&R One mistakenly relies on falsified tax documents. *See* Pl. Sept. 2025 Objs. 13 (citing ECF [7-5], [7-7], [7-27]). The heart of plaintiff's argument is that defendants falsified these tax documents by mischaracterizing her pension type. *See id.* Regardless of the veracity of those claims, they do not concern defendants' behavior as litigants. To determine whether someone is a vexatious litigant, courts look to that person's litigation activities—specifically, whether " their litigation has been either frivolous or harassing." *Maxwell v. MOAB Inv. Grp., LLC*, No. 14-cv-03095-WHO, 2014 WL 4757429, at *5 (N.D. Cal. Sept. 24, 2014), *aff'd*, 632 F. App'x 424 (9th Cir. 2016). Even if the Court were to accept as true the allegation that defendants falsified these tax records, such conduct would have occurred prior to this litigation and would not implicate the vexatious litigant rule, which examines a party's conduct in litigation. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (describing five-part test to consider whether a party is a vexatious litigant). Moreover, once again, it does not appear that F&R One cites or relies on any of these documents in its analysis. There is simply no basis for plaintiff to object that F&R One relied on these documents, and these documents do not prove that defendants have acted in bad faith.

F&R One correctly concludes that defendants should not be declared vexatious litigants. Moreover, this Court shares the concerns expressed in F&R One that plaintiff's motion looks to be

10

retaliatory and wholly inappropriate. While there are no objections to the F&R's assessment that sanctions against plaintiff may be appropriate if she continues with her same litigation strategies, this Court notes its agreement with that assessment.

C.    **Dismissal of PERB Defendants**

Plaintiff argues that F&R Three wrongly recommends dismissal of the PERB Defendants because F&R Three incorrectly states that plaintiff failed to file an amended complaint by September 10, 2025. *See* Pl. Oct. 2025 Objs. More specifically, plaintiff argues that she filed an amended complaint on August 29, 2025. *Id.* at 4, 7. The docket does not show that any documents were filed on August 29, 2025. However, there is a September 2, 2025 filing from plaintiff that she signed on August 29, 2025. *See* ECF [87]. That filing is styled "Corrected Coversheet and Redacted Original Complaint" and attaches a copy of the original complaint that has several hand-drawn markings throughout. *Compare* ECF [87-1] *with* Compl. For example, certain statutes are crossed out on the "Statutory Authority" page. ECF [87-1], at 2. Statutes are also crossed out in the "Nature of Action" section and elsewhere throughout the document. *Id.* at 5; *see, e.g.*, *id.* at 11, 13-14, 32, 46. None of the markings appear to address the deficiencies identified in Judge You's orders or, more broadly, concern the PERB Defendants whatsoever. Even if this filing were to be construed as an amended complaint, it is not "an amended complaint addressing the deficiencies" described in F&R Three. F&R Three 4. It is therefore insufficient to save plaintiff's claims against the PERB Defendants.

Plaintiff additionally argues that she supplemented the original complaint in various docket entries. *See* ECF [95] at 5 (referencing ECF [13], [15], [19], [20], [21], [35], [40], [46], [54], [62], [66], [68], [70], [71], [73], [76], and [88]). All but one of these entries was filed before the court issued its order granting the PERB Defendants' motion for a more definite statement. *Compare* Pl. Oct. 2025 Objs, *with* Order of August 11, 2025, ECF [78]. The only entry that post-dates the order is styled "Plaintiff's Motion to Correct the Record," ECF [88], which was filed on September 5, 2025. That filing includes numerous documents, including a case summary for Multnomah County Case Number 24CV46474, which shows that it was filed on September 25, 2024, *id.* at 4; a printout entitled "Comparing Federal & State Courts," ECF

11

[88-2], at 3; a copy of plaintiff's tax forms, *id.* at 8; and a document discussing the Oregon Public Employees Retirement System pension program, *id.* at 15. Nothing in the filing could reasonably be construed as an amended complaint, much less an amended complaint correcting the identified deficiencies as to the PERB Defendants. F&R Three therefore did not err in stating that plaintiff failed to file a satisfactory amended complaint by the September 10, 2025 deadline. Instead, F&R Three correctly concludes that the PERB Defendants should be dismissed from this action because plaintiff failed to timely file an amended complaint addressing the deficiencies identified in the August 11, 2025 order.

## CONCLUSION

Having undertaken a *de novo* review of the objected-to portions of the F&Rs and underlying filings, as well as a review for clear error of the unobjected-to portions of the F&Rs, the Court ADOPTS IN FULL F&R One, ECF [80]; F&R Two, ECF [83]; and F&R Three, ECF [90]. The Court therefore DENIES the PPS Defendants' Motion to Dismiss and to Declare Plaintiff a Vexatious Litigant, ECF [6]; DENIES plaintiff's Motion to Consolidate and Transfer to Original Venue, ECF [19]; DENIES plaintiff's Motion to Declare Defendants Vexatious Litigants, ECF [54]; DENIES plaintiff's Motion to Remand, ECF [82]; and DISMISSES the PERB Defendants from this action.

IT IS SO ORDERED.

DATED this second day of February, 2026.

_____
Adrienne Nelson
United States District Judge