UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

THERESA SEELEY,

      Plaintiff,

      v.

PERS PARTICIPATING EMPLOYER #3818 –
PORLTAND PUBLIC SCHOOLS, *et al.*,

      Defendants.

Case No. 3:24-cv-01828-YY

ORDER

Plaintiff has filed a series of variously captioned motions that seek reconsideration of the court's previous decisions finding that defendants properly removed the case to this court on the basis of federal question jurisdiction. *See* Findings & Recommendation (Aug. 11, 2025), ECF 80; Findings & Recommendation (Aug. 21, 2025), ECF 83; Order (Feb. 2, 2026), ECF 106. Those currently pending motions include the following: Pl. Obj. Docket #89 & Mot. Sanctions, ECF 92; Pl. Obj. Recommendation to Dismiss ECF 90 and Mot. Remand, ECF 93; Pl. Mot. Summ. J., ECF 100; Pl. Mot. Sanctions, ECF 102; Pl. Motion 38 Demand for Jury Trial and New Authorities that Favor Remand, ECF 107.

The court construes plaintiff's various motions and objections listed above as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2020) (simplified); see also *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999) (recognizing that "reconsideration is appropriate only in very limited circumstances"). "Under Federal Rule of

1 – ORDER

Civil Procedure 59, the Court may grant reconsideration if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.' " *Jefferson v. Multnomah Cnty. Sheriff Dep't*, No. 3:23-cv-01661-MTK, 2025 WL 2938721, at *1 (D. Or. Oct. 16, 2025) (quoting *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011)). Nothing in plaintiff's various motions provides any grounds for reconsideration.

Plaintiff largely repeats the same argument—that this court lacks subject matter jurisdiction because the civil cover sheet accompanying defendant's Notice of Removal incorrectly categorized the "Case Type" as "ADA Disability Discrimination" or "Age Discrimination," and the case should instead be categorized as "Tort/General"—which has previously been rejected. *See* ECF 89; *see also* ECF 92 at 3; ECF 93 at 1; ECF 100 at 1–2; ECF 102 at 1; ECF 107 at 1–3 (in which plaintiff asserts the case was mis-captioned). "As explained numerous times, plaintiff's case is removable based on the allegations plaintiff made in the complaint; defendant's designation of the 'Case Type' has no bearing whatsoever on that analysis." Order (Sept. 19, 2025), ECF 89. Plaintiff cites no new evidence or intervening change in law that changes that analysis.

Plaintiff's motions entered at docket numbers 92, 93, 100, 102, and 107 are construed as motions for reconsideration on the issue of remand or removal and are denied. Further motions practice from plaintiff regarding the removability of this case may subject plaintiff to sanctions under Rule 11 or the court's inherent authority.

IT IS SO ORDERED.

DATED May 22, 2026.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

2 – ORDER